UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THE 6 POINT TRUST and <br> DAVE LORING, | ) <br> ) <br> ) | |
| Plaintiffs | ) <br> ) | |
| vs. | ) <br> ) | CAUSE NO. 3:04-CV-353 RM |
| GULF STREAM CORPORATION, <br> et al., | ) <br> ) <br> ) | |
| Defendants | ) | |

OPINION and ORDER

This cause is before the court on the motions of defendants Onan Corporation and Cummins, Inc. to dismiss. Onan and Cummins argue that plaintiffs' claims against them, contained in Count 1 of the amended complaint, are barred by the applicable statute of limitations. The plaintiffs haven't responded to the defendants' motions, and the time for doing so has passed. For the following reasons, the court concludes that the motions should be granted.

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). A defendant is entitled to dismissal under Rule 12(b)(6) only where there is no set of facts consistent with the allegations in the complaint that would entitle the plaintiff to the relief sought. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355

U.S. 41, 45-46 (1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). However, "if a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995).

In support of their motion to dismiss, Onan and Cummins first note that the plaintiffs' amended complaint, which added the two companies (and others) as defendants, was filed on September 30, 2004.[1] The defendants next note the amended complaint alleges that the 1999 Gulf Stream Tourmaster RV at issue was purchased and delivered to the plaintiffs on March 12, 1999. The defendants maintain the plaintiffs' express warranty claims are governed by Indiana Code § 26-1-2-725, which provides for a four-year statute of limitations. According to the defendants, the plaintiffs' claims against them are barred by the applicable statute of limitations as untimely, so the amended complaint fails to state a claim upon which relief can be granted. The defendants ask that the claims against them in Count 1 of the amended complaint be dismissed.

Assuming Indiana law governs the plaintiffs' claims – the defendants base their dismissal motions on Indiana law and the plaintiffs haven't disagreed; in fact, the plaintiffs allege in their amended complaint that "a substantial part of the events or omissions giving rise to the claim occurred in the South Bend Division

---

[1] The plaintiffs filed their motion for leave to file an amended complaint on September 29, 2004 [docket # 36]; on September 30, the motion was granted [docket # 39] and the amended complaint was deemed filed that date [docket # 37].

of the Northern District of Indiana," they accepted delivery of the RV "at Gulf Stream's primary place of business in Nappanee, Indiana," and they delivered the RV "to Gulf Stream at its plant in Nappanee, Indiana, or to agents of [Gulf Stream] on several occasions since March 1999 for purpose of Gulf Stream attempting repairs on it" – Indiana's statutes of limitations apply. *See* Jinks v. Richland County, 538 U.S. 456, 465 (2003) ("For purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), for example, statutes of limitations are treated as substantive."); Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago, 9 F.3d 1236, 1242 (7th Cir. 1993) ("[F]or purposes of choice of law . . . the forum state . . . can and does supply the complete statute of limitations."). Actions based on breach of warranty are governed by Indiana Code § 26-1-2-725, which provides in pertinent part that

> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . .

Thus, the statute of limitations for plaintiffs' breach of warranty claim is four years. In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 155 F. Supp. 2d 1069, 1111 (S.D. Ind. 2001); Ludwig v. Ford Motor Co., 510 N.E.2d 691, 696 (Ind. Ct. App. 1987).

According to the allegations of the amended complaint, the plaintiffs took delivery of the RV on March 12, 1999. Under the applicable statute of limitations,

3

then, the latest date they could have filed their breach of warranty claim against Onan and Cummins was March 12, 2003. The plaintiffs' amended complaint was filed on September 30, 2004, more than a year-and-a-half past the limitations date. And while Section 26-1-2-725 states that it "does not alter the law on tolling of the statute of limitations," the plaintiffs haven't argued that any tolling exception is applicable in these circumstances. *See* Olcott Intern. & Co., Inc. v. Micro Data Base Sys., Inc., 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) ("A plaintiff bears the burden of proving that a statute of limitations should be tolled.").

Viewing the allegations of the amended complaint as true, as the court must do at this stage of the proceedings, the plaintiffs' claims against Onan and Cummins were brought outside the applicable statute of limitations. Therefore, the plaintiffs are not entitled to relief on their claims against those defendants. Accordingly, dismissal is appropriate. *See* Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000) ("Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief."). The motions to dismiss of defendant Onan Corporation [docket # 108] and defendant Cummins, Inc. [docket # 110] are GRANTED.

SO ORDERED.

ENTERED:   April 22, 2005

/s/ Robert L. Miller, Jr.

4

        Chief Judge
        United States District Court