UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


| | | |
|---|---|---|
| THE 6 POINT TRUST and<br>DAVE LORING, | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:04-CV-353 RM |
| | ) | |
| GULF STREAM CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |


OPINION and ORDER

Defendant Spartan Motors Chassis, Inc. has filed a motion to dismiss the claims contained in Count 1 of the plaintiffs' amended complaint as barred by the applicable statute of limitations. The plaintiffs haven't responded to the defendant's motion, and the time for doing so has passed. For the reasons that follow, the court grants Spartan's motion.

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). A defendant is entitled to dismissal under Rule 12(b)(6) only where there is no set of facts consistent with the allegations in the complaint that would entitle the plaintiff to the relief sought. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of

Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). However, "if a plaintiff pleads facts that show its suit [is] barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995).

In its motion to dismiss, Spartan notes that the plaintiffs allege in their amended complaint, filed September 30, 2004, that the 1999 Gulf Stream Tourmaster RV at issue was purchased and delivered to them on March 12, 1999. Spartan maintains the plaintiffs' express warranty claims are governed by IND. CODE § 26-1-2-725, which provides for a four-year statute of limitations, and so are untimely and barred by the applicable statute of limitations. Noting that two other defendants in this action, Olan Corporation and Cummins, Inc., were dismissed on statute of limitations grounds, *see* Opinion and Order of April 22, 2005 [docket # 114], Spartan asks that the claims against it be dismissed.

Because Spartan has advanced the same arguments as those set forth by Olan Corporation and Cummins, Inc. when they asked the court to dismiss the plaintiffs' claims against them, the court finds its prior analysis to apply:

> Assuming Indiana law governs the plaintiffs' claims – the [defendant bases its] dismissal motion[] on Indiana law and the plaintiffs haven't disagreed; in fact, the plaintiffs allege in their amended complaint that "a substantial part of the events or omissions giving rise to the claim occurred in the South Bend Division of the Northern District of Indiana," they accepted delivery of the RV "at Gulf Stream's primary place of business in Nappanee, Indiana," and they delivered the RV "to Gulf Stream at its plant in Nappanee, Indiana, or to agents of [Gulf Stream] on several occasions since March 1999 for purpose of Gulf Stream attempting repairs on it" – Indiana's statutes of limitations apply. *See* Jinks v. Richland

2

County, 538 U.S. 456, 465 (2003) ("For purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), for example, statutes of limitations are treated as substantive."); Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago, 9 F.3d 1236, 1242 (7th Cir. 1993) ("[F]or purposes of choice of law . . . the forum state . . . can and does supply the complete statute of limitations."). Actions based on breach of warranty are governed by Indiana Code § 26-1-2-725, which provides in pertinent part that

> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . .

Thus, the statute of limitations for plaintiffs' breach of warranty claim is four years. In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 155 F. Supp. 2d 1069, 1111 (S.D. Ind. 2001); Ludwig v. Ford Motor Co., 510 N.E.2d 691, 696 (Ind. Ct. App. 1987).

According to the allegations of the amended complaint, the plaintiffs took delivery of the RV on March 12, 1999. Under the applicable statute of limitations, then, the latest date they could have filed their breach of warranty claim against [Spartan] was March 12, 2003. The plaintiffs' amended complaint was filed on September 30, 2004, more than a year-and-a-half past the limitations date. And while Section 26-1-2-725 states that it "does not alter the law on tolling of the statute of limitations," the plaintiffs haven't argued that any tolling exception is applicable in these circumstances. *See* Olcott Intern. & Co., Inc. v. Micro Data Base Sys., Inc., 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) ("A plaintiff bears the burden of proving that a statute of limitations should be tolled.").

Opinion and Order (April 22, 2005), at 2-4.

Viewing the allegations of the amended complaint as true, as the court must do at this stage of the proceedings, the plaintiffs' claims against Spartan were brought outside the applicable statute of limitations. The plaintiffs, therefore, are not entitled to relief on their claims against Spartan, and dismissal is appropriate.

*See* <u>Marshall-Mosby v. Corporate Receivables, Inc.</u>, 205 F.3d 323, 326 (7th Cir.

2000) ("Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove

no set of facts that would entitle him to relief."). The motion of defendant Spartan

Motors Chassis, Inc. to dismiss the plaintiffs' claims against the company [docket

# 115] is GRANTED.

SO ORDERED.

ENTERED:   June 14, 2005


   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

4