UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THE 6 POINT TRUST and<br>DAVE LORING,<br><br>                 Plaintiffs<br><br>       vs.<br><br>GULF STREAM CORPORATION,<br>et al.,<br><br>                 Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO. 3:04-CV-353 RM |

OPINION and ORDER

Defendant Long View RV, Inc. ("Long View") has filed a motion for judgment on the pleadings, seeking dismissal of the plaintiffs' claims against it as barred by the applicable statute of limitations. The plaintiffs haven't responded to the motion, and the time for doing so has passed. For the reasons that follow, the court grants Long View's motion.

When a complaint is challenged under Federal Rule of Civil Procedure 12(c), the court views the facts alleged in the light most favorable to the non-moving party. Guise v. BWM Mortgage, LLC, 377 F.3d 795, 798 (7th Cir. 2004). Because it is subject to the same standard as a Rule 12(b)(6) motion for dismissal for failure to state a claim, Gutierrez v. Peters, 111 F.3d 1364, 1368 (7th Cir. 1997), a Rule 12(c) motion to dismiss will only be granted if "it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be

resolved." Brunt v. Service Employees Int'l Union, 284 F.3d 715, 718-719 (7th Cir. 2002)).

In its motion for judgment on the pleadings, Long View notes that the plaintiffs allege in their amended complaint, filed September 30, 2004, that the 1999 Gulf Stream Tourmaster RV at issue was purchased and delivered to them on March 12, 1999. Long View maintains the plaintiffs' express warranty claims are governed by Indiana Code § 26-1-2-725, which provides for a four-year statute of limitations, and so are untimely and barred by the applicable statute of limitations. Noting that three other defendants in this action were previously dismissed on statute of limitations grounds – claims against Olan Corporation and Cummins, Inc. were dismissed on April 22, 2005, *see* Opinion and Order of April 22, 2005 [docket # 114], and against Spartan Motors Chassis, Inc. were dismissed on June 14, 2005, *see* Opinion and Order of June 14, 2005 [docket # 124] – Long View asks that the claims against it be dismissed, as well.

Because Long View has advanced the same arguments as those set forth by Olan Corporation, Cummins, Inc., and Spartan Motors Chassis, Inc. in their dismissal motions, the court finds its prior analysis to apply:

> Assuming Indiana law governs the plaintiffs' claims – the [defendant bases its] dismissal motion[] on Indiana law and the plaintiffs haven't disagreed; in fact, the plaintiffs allege in their amended complaint that "a substantial part of the events or omissions giving rise to the claim occurred in the South Bend Division of the Northern District of Indiana," they accepted delivery of the RV "at Gulf Stream's primary place of business in Nappanee, Indiana," and they delivered the RV "to Gulf Stream at its plant in Nappanee, Indiana, or to agents of [Gulf Stream] on several occasions

2

> since March 1999 for purpose of Gulf Stream attempting repairs on it" – Indiana's statutes of limitations apply. *See* Jinks v. Richland County, 538 U.S. 456, 465 (2003) ("For purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), for example, statutes of limitations are treated as substantive."); Singletary v. Continental Ill. Nat'l Bank & Trust Co. of Chicago, 9 F.3d 1236, 1242 (7th Cir. 1993) ("[F]or purposes of choice of law . . . the forum state . . . can and does supply the complete statute of limitations."). Actions based on breach of warranty are governed by Indiana Code § 26-1-2-725, which provides in pertinent part that
>> (1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year, but may not extend it.
>> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made . . . .
>
> Thus, the statute of limitations for plaintiffs' breach of warranty claim is four years. In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation, 155 F. Supp. 2d 1069, 1111 (S.D. Ind. 2001); Ludwig v. Ford Motor Co., 510 N.E.2d 691, 696 (Ind. Ct. App. 1987).
>
> According to the allegations of the amended complaint, the plaintiffs took delivery of the RV on March 12, 1999. Under the applicable statute of limitations, then, the latest date they could have filed their breach of warranty claim against [Long View] was March 12, 2003. The plaintiffs' amended complaint was filed on September 30, 2004, more than a year-and-a-half past the limitations date. And while Section 26-1-2-725 states that it "does not alter the law on tolling of the statute of limitations," the plaintiffs haven't argued that any tolling exception is applicable in these circumstances. *See* Olcott Intern. & Co., Inc. v. Micro Data Base Sys., Inc., 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003) ("A plaintiff bears the burden of proving that a statute of limitations should be tolled.").

Opinion and Order (April 22, 2005), at 2-4; Opinion and Order (June 14, 2005), at 2-3.

Viewing the allegations of the plaintiffs' amended complaint as true, as the court must do at this stage of the proceedings, their claims against Long View

were brought outside the applicable statute of limitations. The plaintiffs, therefore, are not entitled to relief on their claims against Long View, and dismissal is appropriate. The motion of defendant Long View RV, Inc. to dismiss the plaintiffs' claims against the company [docket # 128] is GRANTED.

    SO ORDERED.

    ENTERED:   August 29, 2005


                            /s/ Robert L. Miller, Jr.
                            Chief Judge
                            United States District Court